UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Brittany Tolbert, | ) | C/A No.: 8:13-03312-GRA |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** (Written Opinion) |
| Markela Cook, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff Brittany Tolbert's Motion to Join Other Parties and Amend Pleadings. ECF No. 20. Plaintiff commenced this action on November 27, 2013, pursuant to 28 U.S.C. § 1332, seeking actual and punitive damages and claiming personal injuries as a result of Defendant's alleged negligence, gross negligence, and negligence *per se* while driving her motor vehicle. *See* ECF No. 1. Plaintiff alleges that Defendant struck her while she was walking in a pedestrian crosswalk in Newberry, South Carolina. *Id.* Defendant has agreed to tender the limits of her $50,000.00 liability policy. ECF No. 20-1. However, the insurance policy covering Defendant's vehicle does not adequately cover the expenses incurred by Plaintiff as a result of her injuries and thus, the underinsured motorist ("UIM") provisions of two policies issued to Plaintiff's parents are in dispute. ECF Nos. 20, 20-1, & 23. As a result, Plaintiff seeks to add her insurance carriers, Nationwide Affinity Insurance Company of America ("Nationwide Affinity") and Nationwide Insurance Company of America ("Nationwide") (collectively, the "Nationwide Entities"), as defendants to the present action. ECF Nos. 20 & 20-1.

The Nationwide Entities jointly filed a declaratory judgment action against Plaintiff in the Superior Court of Wake County, North Carolina, for the purpose of determining UIM coverage. ECF Nos. 20 at 2 & 23 at 2. Despite the pending North Carolina action, Plaintiff argues that the Nationwide Entities are necessary parties to the instant action because the only remaining point of contention in this case is the amount of UIM benefits Plaintiff is to receive, which requires a determination of whether the UIM policies may be stacked. ECF Nos. 20 & 20-1.[1] The Nationwide Affinity policy issued to Plaintiff's mother provides potential UIM coverage of $50,000.00 per person, and the Nationwide policy issued to Plaintiff's father provides potential UIM coverage of $50,000.00 per person. ECF Nos. 20-1 & 23. The Nationwide Entities filed a Response in Opposition to Plaintiff's Motion to Join Other Parties and Amend Pleadings. *See* ECF No. 23. Plaintiff did not file a Reply in support of her Motion. After reviewing the parties' submissions, this Court finds that Plaintiff's Motion is DENIED.

## **Discussion**

Leave to amend under Rule 15(a) is not granted automatically. *Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir. 1987). Generally, motions to amend under Rule 15 should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). However, the

---

[1] Plaintiff has not attached a proposed Amended Complaint; therefore, this Court assumes Plaintiff's amendment seeks to add the Nationwide Entities for the purpose of asserting a declaratory judgment claim. *See* ECF No. 20 at 2–3 ("Plaintiff contends she is entitled to add [Nationwide Affinity] and [Nationwide] as Defendants under Rule 19 as necessary parties, for a complete determination of the issues involved in the case now pending before the Court pursuant to a Rule 57 of Federal Rules of Civil Procedure Motion which shall be forthcoming from the Plaintiff."). Moreover, the Nationwide Entities made this same assumption in their Response in Opposition to Plaintiff's Motion to Join Other Parties and Amend Pleadings. ECF No. 23. Plaintiff's failure to file a Reply evidences her acquiescence to this assumption.

Supreme Court has construed the phrase "when justice so requires" to preclude granting leave to amend when any of the following are found to exist: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Steinburg v. Chesterfield Cnty. Planning Comm'n,* 527 F.3d 377, 390 (4th Cir. 2008); *United States v. Pittman,* 209 F.3d 314, 317 (4th Cir. 2000).  The Nationwide Entities argue that allowing Plaintiff to amend her Complaint to add them as parties to the present action would be futile for three reasons: (1) this Court lacks subject matter jurisdiction over Plaintiff's proposed declaratory judgment action because the amount in controversy is not satisfied; (2) this Court lacks supplemental jurisdiction over Plaintiff's claims; and (3) even if subject matter jurisdiction exists, this Court should abstain from hearing the coverage disputes because a declaratory judgment action between Plaintiff and the Nationwide Entities is already pending in North Carolina.  ECF No. 23 at 3.

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  A court may deny a motion to amend on the ground of futility "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir.1986); *see also Perkins v. U.S.*, 55 F.3d 910, 917 (4th Cir. 1995) (If an amended complaint could not withstand a motion to dismiss, then the motion to amend should be denied as "futile.").

**A.     This Court Lacks Subject Matter Jurisdiction**

The Nationwide Entities argue that, as this Court's subject matter jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff's proposed amendment lacks the requisite jurisdictional amount of greater than $75,000.[2]  ECF No. 23 at 4–5.

The amount in controversy for purposes of a declaratory judgment action is measured by the "value of the object of the litigation."  *Toler v. State Farm Mut. Auto. Ins. Co.,* 25 F. App'x 141, 143 (4th Cir. 2001) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)).  "In determining whether the 'value of the object of the litigation' is sufficient to satisfy the amount in controversy requirement, the Court should grant a dismissal only where it appears to a *legal certainty* that the controversy involves less than $75,000."  *Fairfield Resorts, Inc. v. Fairfield Mountains Prop. Owners Ass'n, Inc.*, No. 1:06CV191, 2006 WL 1801547, at *2 (W.D.N.C. June 28, 2006) (emphasis in original).  It is well settled in the Fourth Circuit that the test for determining the amount in controversy in a diversity proceeding is the "either-viewpoint rule" which is concerned with "the pecuniary result to either party which [a] judgment would produce."  *Dixon v. Edwards,* 290 F.3d 699, 710 (4th Cir. 2002) (citing *Gov't Emps. Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964)); *see also Gonzalez v. Fairgale Props. Co.,* 241 F.Supp.2d 512, 517 (D. Md. 2002). Under the "either-viewpoint" rule, the amount-in-controversy requirement is satisfied if either the gain to the plaintiff or the cost to the defendant is greater than $75,000.  *See Gonzalez,* 241 F.Supp.2d at 517.  The party "seeking dismissal based on the amount

---

[2] There is no question here as to diversity of citizenship.  *See* ECF No. 1.

in controversy must show that it is legally impossible for the plaintiff to recover the jurisdictional amount." *VCA Cenvet, Inc. v. Chadwell Animal Hosp., LLC,* Civil No. JKB–11–1763, 2011 WL 6257190, at *1 (D. Md. Nov. 29, 2011) (citing *Wiggins v. N. Am. Equitable Life Assurance Co.,* 644 F.2d 1014, 1017 (4th Cir. 1981)).

The rules of aggregation are fairly simple.  A single plaintiff's claims against several defendants can be aggregated for jurisdictional purposes only if the defendants are jointly liable to the plaintiff on each claim. *Sovereign Camp Woodmen v. O'Neil,* 266 U.S. 292, 297–98 (1924); *see also Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) ("This rule is applicable to suits against two or more insurance companies, each of which has separately insured against a stated risk for a sum less than the jurisdictional amount."). However, where the liability alleged is separate, rather than joint, aggregation is not permitted even if the claims arise out of the same transaction. *See Ex Parte Phoenix Ins. Co.,* 117 U.S. 367, 369 (1886); *see also Jewell*, 290 F.2d at 13 (holding that "no joint liability of the defendant insurance companies" exists to "permit[] the claims against them to be joined for determining jurisdiction").  The Fourth Circuit has similarly held that "[i]f a single plaintiff joins several parties as defendants, the plaintiff may not aggregate the various claims unless the defendants' liability is common, undivided, or joint." *Liberty Mut. Fire Ins. Co. v. Hayes,* 122 F.3d 1061, at *2 (4th Cir. 1997) (unpublished table decision) (per curiam) (internal citation omitted).  Moreover, "[a]ggregation is keyed to the type of recovery, not the factual relatedness of the claims." *Id.*  The *Hayes* Court denied a plaintiff's attempt to aggregate claims against multiple insurers where he had not stated a joint and several claim against them. *See id.*

In this case, Plaintiff's "total claimed damages stemming from the accident are not at issue for purposes of determining the amount in controversy," *id.* at 3, because Plaintiff's basis for joining the Nationwide Entities as Defendants under Fed. R. Civ. P. 19 is to pursue a declaratory judgment action concerning the UIM policies under Fed. R. Civ. P. 57.  *See supra* note 1; *see also* ECF No. 20 at 2–3.  Plaintiff seeks to recover from each of the Nationwide Entities separately, and Plaintiff does not state a joint and several claim for insurance coverage.  Therefore, under the general rules of aggregation, the $50,000.00 policy limits afforded by the Nationwide Affinity policy and the $50,000.00 policy limits afforded by the Nationwide policy cannot be aggregated to satisfy the jurisdictional amount.  This Court finds that the Nationwide Entities have proven to a legal certainty that the amount in controversy is insufficient. *See Erie Ins. Prop. & Cas. Co. v. Stricklin*, No. 5:13CV30, 2013 WL 6265843, at *3 (N.D.W. Va. Dec. 4, 2013) ("As the policy at issue, insomuch as it concerns underinsured motorist benefits, is limited to $50,000.00, it follows that the amount in controversy is no more than $50,000.00. Such an amount is insufficient to establish the amount in controversy required for diversity jurisdiction and, thus, this Court lacks subject matter jurisdiction.").  Accordingly, the proposed amendment and joinder of Nationwide Affinity and Nationwide would be futile.

**B.     This Court Does Not Have Supplemental Jurisdiction**

Plaintiff asserts she is entitled to add the Nationwide Entities as Defendants pursuant to Fed. R. Civ. P. 19 as they are necessary parties.  ECF No. 20 at 2. However, the Nationwide Entities argue that "the Court cannot use supplemental jurisdiction to expand its grasp to the coverage claim."  ECF No. 23 at 7.  This Court

agrees with the Nationwide Entities and finds that it does not have supplemental jurisdiction over Plaintiff's proposed declaratory judgment claim.

Section 1367(a) provides that, in cases over which a federal court has original jurisdiction, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see Rosmer v. Pfizer, Inc.*, 263 F.3d 110, 114 (4th Cir. 2001) ("Section 1367(a) is a general grant of supplemental jurisdiction."). However, the statute instructs the courts to examine § 1367(b) to determine if any of its exceptions apply. Section 1367(b), which applies only to diversity cases, provides that "district courts shall not have supplemental jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure . . . ." 28 U.S.C. § 1367(b); *see Rosmer*, 263 F.3d at 114 ("[I]n diversity actions the rule of complete diversity would still be required in the context of . . . Rule 19 joinder of necessary parties.").

Because Plaintiff moved to join the Nationwide Entities as defendants pursuant to Fed. R. Civ. P. 19, and because this Court has "original jurisdiction" under § 1332 over Plaintiff and Defendant, it is not necessary for this Court to address whether Plaintiff's claims against the Nationwide Entities "form part of the same case or controversy" as Plaintiff's claims against Defendant under § 1367(a). Regardless of the outcome under § 1367(a), since the exclusions under § 1367(b) apply in this case, the result is ultimately the same: Plaintiff cannot use supplemental jurisdiction to avoid the amount in controversy requirement for her claims against Nationwide

Affinity and Nationwide. Accordingly, the proposed amendment and joinder of the Nationwide Entities would be futile.

Even if this Court could exercise supplemental jurisdiction over the claims in this action, it would decline to do so because it finds "exceptional circumstances" and "compelling reasons" for not exercising supplemental jurisdiction. 28 U.S.C. § 1367(c)(4). As Plaintiff recognizes, her proposed action involves the same underlying facts as a pending state court action in Wake County, North Carolina. ECF No. 20. This Court finds Plaintiff filed her current Motion in order to apply South Carolina, rather than North Carolina law. Allowing Plaintiff to amend her Complaint and proceed with a declaratory judgment action in this Court while a separate, but related, action proceeds in a North Carolina state court would not be judicially economical and could result in disparate results that could undermine both the state and federal proceedings. Moreover, because Plaintiff concedes that the UIM coverage dispute "substantially predominates" over Plaintiff's claims against Defendant, this Court would also decline to exercise supplemental jurisdiction under § 1367(c)(2). *See* ECF No. 20-1 at 2. Accordingly, even if this Court had the discretion to exercise supplemental jurisdiction over Plaintiff's claims against the Nationwide Entities, it would decline to do so under § 1367(c)(2) & (4).

**C.    Abstention**

As previously discussed, this Court does not have jurisdiction over Plaintiff's proposed declaratory judgment action against the Nationwide Entities. However, even if such subject matter jurisdiction existed, this Court would abstain from hearing the UIM coverage dispute.

The Federal Declaratory Judgment Act provides that this Court "may declare the rights and other legal relations of an interested party seeking such declaration." 28 U.S.C. § 2201(a).  When deciding whether to exercise jurisdiction under this Act, this Court must consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"; and (iv) whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

*Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

As to the first factor, state insurance law governs the UIM coverage issues. "State courts have a particular interest in deciding questions of insurance law." *Beach Cove Assocs. v. U.S. Fire Ins. Co.*, 904 F. Supp. 959, 962 (D.S.C. 1995). Plaintiff argues that South Carolina law applies to the UIM coverage dispute, while the Nationwide Entities argue that North Carolina law applies.  In support of her position, Plaintiff directs this Court to *Hartsock v. American Automobile Insurance Company*, 788 F. Supp. 2d 447 (D.S.C. 2011), where the district judge found that South Carolina law governed the UIM coverage dispute on facts involving a South Carolina collision and a North Carolina insurance policy.  ECF No. 20-1 at 2. However, *Hartsock* involved a policy covering a South Carolina resident, operating a vehicle registered and garaged in South Carolina, and a car accident occurring in South Carolina.  *Hartsock*, 788 F. Supp. 2d at 449.  In this case, although the car

accident happened in South Carolina, Plaintiff is a North Carolina resident seeking UIM coverage under two insurance policies issued in North Carolina to her parents, who are North Carolina residents, insuring automobiles registered and garaged in North Carolina.  *See* ECF No. 23 at 11–12.  Thus, North Carolina has a strong interest in deciding the UIM coverage issues.

The existence of the pending North Carolina declaratory judgment action goes to the second factor, judicial efficiency.  Since the state court is familiar with the underlying controversies, it would be wasteful to amend Plaintiff's Complaint and allow a parallel declaratory judgment action to proceed in this Court.  Moreover, the Nationwide Entities argue that if this case were to proceed to trial, then the UIM coverage matters would have to be litigated separately from Plaintiff's claims against Defendant as the coverage claims cannot be joined with Plaintiff's tort claims in this Court.  *See* ECF No. 23 at 10.  Thus, this factor weighs in favor of abstention.

As to the third factor, the issues of fact or law clearly overlap.  In her Motion, Plaintiff asks this Court to disregard the existence of the North Carolina pending declaratory judgment action.  ECF No. 20 at 2.  However, "[e]fficiency dictates that resolution of issues stemming from one controversy should be resolved by one court." *Beach Cove Assocs.*, 903 F. Supp. at 963.  Because the issues Plaintiff is attempting to raise by amending her Complaint in this Court are identical to the issues pending in the North Carolina state court, every question of law and fact overlaps.  Thus, this factor weighs in favor of abstention.

As to the fourth factor, this Court finds Plaintiff's Motion and proposed amendment to initiate a declaratory judgment action in this Court qualifies as

procedural fencing.  After the Nationwide Entities filed their declaratory judgment action in North Carolina, Plaintiff, presumably in an attempt to have South Carolina law, rather than North Carolina law, apply to the UIM coverage dispute, filed the current Motion in this Court to add the Nationwide Entities as defendants.[3]  Thus, this factor weighs in favor of abstention.

Accordingly, even if this court had jurisdiction, comity would dictate declining federal jurisdiction.  This Court is confident that the North Carolina state court is equally able to apply the appropriate law and resolve the UIM coverage dispute.

## Conclusion

After a review of the record and applicable law in this case, this Court finds that it lacks subject matter jurisdiction over the proposed UIM coverage issues because Plaintiff's claims against the Nationwide Entities do not satisfy the amount in controversy requirement contained in 28 U.S.C. § 1332.  Moreover, were this Court to allow Plaintiff to amend her Complaint and join Nationwide Affinity and Nationwide as defendants, 28 U.S.C. § 1367 would not permit the use of supplemental jurisdiction over Plaintiff's claims against the Nationwide Entities.  Furthermore, even if this Court had jurisdiction to determine the amount of UIM coverage available to Plaintiff, it would refrain from exercising this jurisdiction on principles of comity.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Join Other Parties and Amend Pleadings is DENIED.

---

[3] In their Response to Plaintiff's Motion, the Nationwide Entities argue that regardless of whether North Carolina law or South Carolina law applies, Plaintiff will recover the exact same amount of UIM coverage.  ECF No. 23 at 6 n. 2, 11 n. 4.  Plaintiff failed to respond to these assertions.  This Court, however, declines to address the applicable UIM coverage under either state's insurance law.

**IT IS SO ORDERED**.

*[Signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

April  23 , 2014
Anderson, South Carolina